# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JERMAINE MILES,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 1:19-cv-00824-EPG-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE AMENDED PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO MAIL PETITIONER BLANK HABEAS FORMS |

Petitioner Larry Jermaine Miles is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases; see also McFarland v. Scott, 512 U.S. 849, 856 (1994).

**A. Leave to Amend Petition to Sign Under Penalty of Perjury**

Rule 2(c)(5) of the Rules Governing Section 2254 Cases states that the habeas petition must "be signed under penalty of perjury by the petitioner." Here, Petitioner did not sign the

petition under penalty of perjury. (ECF No. 1). Accordingly, the Court will grant Petitioner the opportunity to file an amended petition. Petitioner must sign the amended petition under penalty of perjury.

**B. Exhaustion**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

If Petitioner has not sought relief in the California Supreme Court for the claims that he raises, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It appears that Petitioner has not presented at least one of his claims to the California Supreme Court. (ECF No. 1 at 6).[1] It is possible, however, that Petitioner has presented all of his claims to the California Supreme Court and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether all of his claims have been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

**II.**

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is GRANTED **THIRTY (30) days** from the date of service of this order in which to file an amended petition that is signed under penalty of perjury;

2. The Clerk of Court is DIRECTED to send Petitioner blank § 2254 habeas forms.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **June 14, 2019**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE