# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JERMAINE MILES, | Case No. 1:19-cv-00824-DAD-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| PEOPLE OF THE STATE OF CALIFORNIA, | (ECF No. 10) |
| Respondent. | |

Petitioner Larry Jermaine Miles is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Given that the instant petition is unexhausted, the undersigned recommends dismissal of the petition without prejudice.

## I.

## BACKGROUND

On June 10, 2019, Petitioner filed the instant federal habeas petition in the Sacramento Division of United States District Court for the Eastern District of California. (ECF No. 1). On June 13, 2019, the case was transferred to the Fresno Division. (ECF No. 4). On June 14, 2019, the Court granted Petitioner leave to file an amended petition that is signed under penalty of perjury. (ECF No. 7). On July 3, 2019, Petitioner filed a first amended petition ("FAP"). (ECF No. 10). On July 11, 2019, the Court ordered Petitioner to show cause why the FAP should not be dismissed for failure to exhaust state court remedies. (ECF No. 11). To date, Petitioner has failed to file a response, and the time for doing so has passed.

1

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases.

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, it appears that Petitioner has not presented any claims to the California Supreme Court. (ECF No. 10 at 5–6).[1] It is possible that Petitioner has presented all of his claims to the California Supreme Court and failed to indicate this to the Court. However, as Petitioner has not responded to the order to show cause, it appears that Petitioner failed to exhaust his claims in the FAP. If Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

## III.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that the first amended petition for writ of habeas corpus (ECF No. 10) be DISMISSED WITHOUT PREJUDICE for nonexhaustion.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1 | This Findings and Recommendation is submitted to the assigned United States District
2 | Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
3 | Rules of Practice for the United States District Court, Eastern District of California. Within
4 | **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file
5 | written objections with the court and serve a copy on all parties. Such a document should be
6 | captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned
7 | United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28
8 | U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified
9 | time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d
10 | 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 24, 2019**      /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE